**PRIORITY SEND**

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 12-02129-VAP (OPx)              Date:  December 11, 2012

Title:     THR CALIFORNIA, LLC, A DELAWARE LIMITED LIABILITY COMPANY
           -v- GLYNIS BRYANT BOGLIN, DOES 1 TO 10, INCLUSIVE
=================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

          Marva Dillard                         None Present
          Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                           DEFENDANTS:

          None                                  None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO THE
                    CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                    RIVERSIDE(IN CHAMBERS)

     On December 4, 2012, Pro Se Defendant Glynis Bryant Boglin removed this
action from the California Superior Court for the County of Riverside.  (See Not. of
Removal (Doc. No. 1).)  Defendant has not identified the purported basis for subject-
matter jurisdiction, but mentions violations of her Fourteenth Amendment rights and
alleges that the amount in controversy exceeds $75,000.  Accordingly, the Court
construes Defendant's Notice of Removal to assert both federal question and
diversity jurisdiction.  For the following reasons, the Court REMANDS the action to
the California Superior Court for the County of Riverside.

EDCV 12-02129-VAP (OPx)
THR CALIFORNIA, LLC, A DELAWARE LIMITED LIABILITY COMPANY v. GLYNIS BRYANT BOGLIN, DOES 1 TO 10, INCLUSIVE
MINUTE ORDER of December 11, 2012

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3).

The first basis for removal is federal question jurisdiction, 28 U.S.C. § 1331.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question, there is no federal question jurisdiction.

The second basis for removal is diversity jurisdiction under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $ 75,000.  "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Defendant resides in California (See Not. of Removal at 3), and the Complaint was filed in the California Superior Court for the County of Riverside, which is located in California.  Accordingly, Defendant may not remove the action on the basis of diversity jurisdiction.

As no proper basis for removal exists, the Court lacks subject-matter

MINUTES FORM 11                                         Initials of Deputy Clerk __md___
CIVIL -- GEN                          Page 2

EDCV 12-02129-VAP (OPx)
THR CALIFORNIA, LLC, A DELAWARE LIMITED LIABILITY COMPANY v. GLYNIS BRYANT BOGLIN, DOES 1 TO 10, INCLUSIVE
MINUTE ORDER of December 11, 2012

jurisdiction and REMANDS this matter to the California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**